514 So.2d 292 (1987)
Timothy Lenwood GARDNER
v.
STATE of Mississippi.
No. 56636.
Supreme Court of Mississippi.
May 13, 1987.
Rehearing Denied November 12, 1987.
Tyree Irving, Walls & Irving, Greenville, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This matter first appeared before this Court in 1984 when appellant's conviction of the crime of armed robbery was affirmed. Gardner v. State, 455 So.2d 796 (Miss. 1984). The appellant was sentenced to a 15-year term and to this sentence the Court stated the following:
However, in view of the fact that the appellant was only fourteen years of age at the time of the commission of the crime and was only fifteen years of age at the time of sentence, justice requires that the trial court consider alternative sentences provided for under the Youth Court Act and make a record of that consideration and ultimate findings as outlined in May v. State, 398 So.2d 1331 (Miss. 1981). (emphasis in original)
Id. at 800-801.
The case was reversed and remanded to the trial court for proceedings on the sentencing question only. The trial court conducted a full hearing, as mandated by May v. State, 398 So.2d 1331, and the case appears here again for review of the sentence.
In May, we reviewed the various alternative methods of sentencing minors and stated the following:
We think the Legislature, in providing alternative methods of sentencing of minors, intended in cases involving special circumstances surrounding a minor defendant, that the trial judge consider seriously those alternatives enumerated in the statute and that the presence or absence of facilities for care of a minor offender be considered in mitigation of the punishment provided by statute. In our opinion, in addition to his consideration of the expert testimony, which became a part of the record on the sentencing phase, the trial judge should have placed in the record the sources and facts of his study and should have permitted appellant's counsel to introduce evidence of the presence or absence of facilities at Mississippi State Penitentiary for care of the appellant, and the availability of other *293 institutions or facilities which could be utilized by appellant. Therefore, we remand the cause to the lower court for hearing further evidence of extenuation or mitigation and for sentencing not inconsistent with this opinion.
May, at 1340.
The trial judge, after giving everyone concerned and their witnesses a full opportunity to be heard and express opinions as to the proper sentence, found that under Miss. Code Ann. § 43-21-159(3), the sentencing section of the Youth Court Act, his alternatives were to:
1. Commit Defendant to the county jail for any term not in excess of one (1) year.
2. Suspend sentence and release on probation.
3. Commit such child to the custody of the Department of Corrections.
4. Impose a fine as though such child was an adult under such terms and conditions as may be prescribed.
5. The Circuit Court shall not have the authority to commit such child to the custody of the Department of Youth Services for placement in a state supported training school.
The circuit judge is correct. These are the alternatives under the Youth Court Act. The circuit judge further found that at the time of the sentencing order, April 4, 1985, defendant was then 18 years of age and, under § 43-21-159 as amended by Chapter 435, General Laws of 1983, he no longer could be sentenced to a state training school. The trial judge concluded that the alternatives did not provide proper and sufficient punishment for this defendant, and sentenced him to the aforesaid 15-year term for armed robbery under Miss. Code Ann. § 97-3-79.
When we decided May, the circuit judges could, in addition to the above mentioned alternatives, commit such child to any state institution now or hereafter established for delinquents (§ 43-21-159 before amendment).
In 1983 House Bill No. 354 was introduced to establish a Drug Identification Program under the Department of Corrections. This was the sole purpose of the Bill as originally introduced, except to provide for the manner of administration. The bill passed the House with no dissent. House Journal 1983, page 230. This popular piece of legislation had a strange thing happen to it once it reached the inner sanctum of a Senate committee; matters foreign to its original purpose were inserted.[1]
The authority of a circuit judge to commit a minor to a training institution was not only removed by Committee Amendment 1 but expressly prohibited:
"The circuit court shall not have the authority to commit such child to the custody of the Department of Youth Services for placement in a state-supported training school."
Committee Amendment 1 also contained the following:
"... judge may, in his discretion, commit such child to the county jail for any term not in excess of one (1) year, or he may suspend sentence and release on probation, or commit such child to the custody of the Department of Corrections or impose a fine as though such child were an adult, under ..." [this was the only authority left to the circuit judges].
And the title to the Act was amended by Committee Amendment 1 to include the following:
"to amend Section 43-21-159, Mississippi Code of 1972, in conformity thereto and to remove the authority of circuit courts to sentence children convicted in such courts to the custody of the Department of Youth Services for placement in a state training school;"
We next have committee amendment No. 3, as follows:
"(4) In no event shall a court sentence an offender over the age of eighteen (18) to the custody of the Department of *294 Youth Services for placement in a state-supported training school."
Senate Journal 1983, pp. 830-31.
The Act was finally passed as Chapter 435 of the General Laws of 1983 and approved by the Governor on March 30th of that year; this was the reason for our statement that the circuit judge was correct in his statement as to the alternatives afforded by the present law.
While we are at a loss to understand any societal need for the legislation, still it was within the power of the Legislature to adopt, even though Section 60 of the State Constitution relating to the legislative procedure on amendments was paid very little attention. The writer of this opinion served 13 1/2 years as a circuit judge in one of the busiest circuits in the state, and sentenced a sizeable number of youthful offenders under said § 43-21-159, before its amendment, with gratifying results. Nevertheless, these matters are for determination by the Legislature and not the Courts. The electorate of the State may act as judges of the legislative conduct.
We take notice that the 1983 amendment to § 43-21-159 did not especially provide that the changes would not affect the punishment for a crime committed before the effective date of the amendment. Miss. Code Ann. § 99-19-1 (1972) reads as follows:
§ 99-19-1. Change of law not to affect prosecution or punishment of crime committed prior to change.
No statutory change of any law affecting a crime or its punishment or the collection of a penalty shall affect or defeat the prosecution of any crime committed prior to its enactment, or the collection of any penalty, whether such prosecution be instituted before or after such enactment; and all laws defining a crime or prescribing its punishment, or for the imposition of penalties, shall be continued in operation for the purpose of providing punishment for crimes committed under them, and for collection of such penalties, notwithstanding amendatory or repealing statutes, unless otherwise specially provided in such statutes. (emphasis added)
We have heretofore stated that we will not review a sentence if it is within the prescribed limits of the applicable statute. Johnson v. State, 461 So.2d 1288, 1292 (Miss. 1984); Yazzie v. State, 366 So.2d 240, 244 (Miss. 1979); Ainsworth v. State, 304 So.2d 656, 658 (Miss. 1975). However, we are of the opinion that the circuit judge was in error in stating that his alternatives were limited by the 1983 amendments, inasmuch as the crime was committed in 1981. Cf. Lampley v. State, 308 So.2d 87 (Miss. 1975).
Since defense counsel urged the trial court to use the alternatives in effect at the time of May, supra, or prior to the amendments, and the judge refused to do so, we feel compelled to once again remand the case for the judge to consider the alternatives in effect at the time the crime was committed.
One other matter assigned as error was the language of the sentence which reads as follows: "[T]he Defendant shall not be eligible to receive earned time, good time, or any other administrative reduction of time and shall not be released on parole or probation or suspension of any type for a period of ten (10) years... ." This is the language of Miss. Code Ann. § 47-7-3(1)(d). This section applies to youth offenders as well as adults. May, supra. However, we think the language of the statute is a mandate to the Parole Board and not to the courts, and is unnecessary and surplusage in the sentence.
REVERSED AND REMANDED FOR FURTHER SENTENCING.
WALKER, C.J., ROY NOBLE LEE, and HAWKINS, P.JJ., DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] Mississippi Constitution Section 60 provides "No bill shall be so amended in its passage through either house as to change its original purpose, ..."