557 So.2d 799 (1990)
Steve ERWIN
v.
STATE of Mississippi.
No. 07-KA-59142.
Supreme Court of Mississippi.
February 21, 1990.
*800 Richard W. Hamilton, Pascagoula, for appellant.
Mike C. Moore, Atty. Gen., John R. Henry Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ANDERSON and BLASS, JJ.
BLASS, Justice, for the Court:
The defendant, Steve Erwin, appellant here, was convicted on October 19, 1987, for the kidnapping and rape of a young Jackson County woman during the night of February 14, 1987. The jury was unable to agree on the sentence in either of the two crimes. The defendant was sentenced by the trial court to serve a term of fifty (50) years in prison for the kidnapping and fifty (50) years for the rape, the sentences to run consecutively.
The defendant has appealed to this Court, and in his brief presents two issues for review by this Court. He raises the question, first, of whether the State of Mississippi proved beyond a reasonable doubt that Jackson County, Mississippi, was the proper venue for the trial below and, second, whether the trial court should have held a separate evidentiary sentencing hearing to determine possible alternatives to the incarceration of the seventeen-year old minor for a term of one hundred years. No question is raised as to the guilt of the defendant, and we shall not discuss that issue except to say that there was ample evidence to support the verdict of the jury and to portray a kidnapping and a brutal and revolting rape.

I.

VENUE
The question of venue was not raised in the trial court. In his opening statement, counsel for the defendant referred to the opening statement of the State and said, "Up until the point where Steve Erwin and (the victim) meet in the parking lot of a convenience store here in Pascagoula, I can't disagree with anything the State says because I don't care what happened up to that point." This appears to us to be an admission that the first contact, determined by the jury to have been a kidnapping, took place in the City of Pascagoula. He then goes on to say that, "Eventually they end up somewhere on the outskirts of Pascagoula, out by the airport ...". (R. 14, 15). The members of the jury, being residents of Jackson County, and sitting in the courthouse in the City of Pascagoula where the trial was being held, would know that the airport was located in Jackson County and that there was no place on the outskirts of Pascagoula which was not in Jackson County. We are satisfied beyond any doubt whatsoever that venue was proper and established by the evidence. See Holloway v. State, 199 Miss. 356, 24 So.2d 857 (1946); Buchanan v. State, 225 Miss. 399, 83 So.2d 627 (1955). The evidence also clearly shows that the kidnapping and violence leading to the rape clearly commenced at the Majik Mart, clearly established to be in Jackson County. See Miss. Code Ann. §§ 97-3-65(2), 99-11-19 (Supp. 1988); see also Jackson v. State, 556 So.2d 335 (Miss. 1990) (holding that this Court can take judicial notice that a certain town or city was located in a certain county).

II.

SHOULD THE TRIAL COURT HAVE HELD A SEPARATE EVIDENTIARY SENTENCING HEARING TO DETERMINE

*801 THE POSSIBLE ALTERNATIVES TO INCARCERATION OF THE SEVENTEEN-YEAR OLD MINOR FOR THE TERM OF ONE HUNDRED YEARS?
The response to this issue leads us into a consideration of the sentence as imposed, and we are confronted forthwith by the limitation for the penalty for kidnapping contained in § 97-3-53, Miss. Code Ann. (Supp. 1989). The last sentence of that statute reads, "If the jury fails to agree on fixing the penalty at imprisonment for life, the court shall fix the penalty at not less than one year nor more than thirty years in the state penitentiary." It appears, therefore, that the statute places a limit of thirty years on the sentence which may be imposed for kidnapping if the jury fails to find, as is true here, that the life sentence should be imposed.
Miss. Code Ann. § 97-3-65 (Supp. 1989) does not impose a limitation for the penalty for rape although it, also, allows the jury to fix a penalty at life imprisonment. If the jury does not so fix the penalty, then it may be fixed for any term, less than life, as the court, in its discretion, may determine. It appears, therefore, that the sentence imposed by the court upon the rape conviction does not exceed any statutory limit. Warren v. State, 456 So.2d 735 (Miss. 1984)[1].
It is apparent that the sentence imposed for kidnapping exceeds the statutory limit. Under the plain error doctrine, it is necessary that the sentence be vacated and the cause remanded for a new sentencing hearing. Since the matter must be considered again by the trial court, we regard the second issue stated above, to be substantially resolved. However, since a new hearing must be held, we believe two other matters require some comment here.

A. ALTERNATIVE SENTENCING POSSIBILITIES
Section 43-21-159(3), Miss. Code Ann. (1989 Supp.) reads in part as follows: "And if any child shall be convicted by any circuit court, the trial judge may, in his discretion, commit such child to the county jail for any term not in excess of one (1) year, or he may suspend sentence and release on probation, or commit such child to the custody of the Department of Corrections or impose a fine as though such child was an adult, under such terms and conditions as he may prescribe... . The circuit court shall not have the authority to commit such child to the custody of the Department of Youth Services for placement in a state-supported training school." The quoted part of the statute was amended in 1983. Prior to the amendment this statute provided that if the judge considered it to be in the best interest of a child convicted in the circuit court and in the interest of the public welfare, the judge might in his discretion in lieu of the statutory punishment commit the child to any state institution "now or hereafter established for delinquents," or that he might commit the child to the county jail, etc. That part which allowed him to place the child in any state institution was deleted.
Prior to the amendment, in the case of May v. State, 398 So.2d 1331, 1338 (Miss. 1981), a case which presented legal questions somewhat similar to those presented here, the jury returned a verdict of guilty as charged against a fourteen-year old minor defendant and the court recessed until the next day for the purpose of pronouncing sentence. On re-convening, the counsel for the defendant moved the court to defer sentencing until a later date so that the defendant could present other testimony with regard to sentencing. May, 398 So.2d at 1338. The court declined to delay the proceeding but, with evident reluctance, allowed the counsel to call Dr. Beth Wildmon to testify. Id. at 1338-1339. Through Dr. Wildmon, counsel sought to show what facilities might be available to the Mississippi Department of Corrections with regard to *802 the treatment or education of the minor defendant. Id. At this point the court interrupted and made it clear that he wished to hear only matters in litigation. Id. at 1339. The court stated that he was familiar with all of the alternatives that were available and indicated that he had made an exhaustive study. Id. at 1339-1340.
On appeal, this Court stated that the legislature, in providing alternative methods of sentencing for minors, intended in cases involving special circumstances surrounding a minor defendant that the judge seriously consider all the alternatives enumerated in the statute. Id. at 1340. The Court also indicated that the presence or absence of facilities for the care of a minor defendant should be considered in mitigation of punishment authorized under the statute. Id. The Court went on to hold that in addition to the court's consideration of the expert testimony, the judge should have placed in the record the sources and facts of his study, should have allowed defense counsel to introduce evidence of the presence or absence of facilities at the penitentiary for the care of the defendant, and the availability of other institutions or facilities which could be utilized by it. Id.
The Court then remanded the case to the lower court for a hearing of further evidence of extenuation or mitigation, and for sentencing not inconsistent with its opinion. Id. at 1340-41. It is noteworthy that, when May was decided, the statute authorized the court to commit the child to any state institution established for delinquents, a provision which is no longer available to him. We have several decisions since May which should be considered by the trial court on remand. Bougon v. State, 405 So.2d 101, 106 (Miss. 1981), is a case which arose before the amendment of the statute. In Bougon, 405 So.2d at 105-06, the case was remanded "because we are unable to discern if the trial court considered the statutory alternative for sentencing minor offenders under the provisions of § 43-21-159(3)."
The case of Gardner v. Gardner was before the Court twice, first at 455 So.2d 796 (Miss. 1984) and later in 514 So.2d 292 (Miss. 1987). In the first instance, the Court sent the case back for consideration of the alternative sentences provided under the Youth Court Act. Gardner, 455 So.2d at 800-01. On the second occasion, the case was remanded again for the same purposes, it being apparent that the second trial judge had considered that the amendment in the statute had deprived him of the right to sentence the child to a state training school. Gardner, 514 So.2d at 293-94. The Court held, in this second instance, that the alternatives available to the judge under the 1981 Act remained available since the statute was not amended until after the Act under which the child was charged. Id. at 294.
The most recent address to this point was Reed v. State, 526 So.2d 538, 541 (Miss. 1988), where a seventeen year old murder defendant was involved and where the crime alleged was committed after the amendment to the statute. In Reed, the Court reviewed May but observed that the trial court had conducted an extensive review of twenty-four letters submitted by acquaintances of defendant and that the judge took into consideration the tender years of the accused in imposing the sentence. Reed, 526 So.2d at 541. The judge also admitted that he was fully aware of the discretion afforded him by the Youth Court Act. Id. The Court held that it was within his discretion to impose the life sentence and affirmed. Id.
There are still alternatives set out in the Youth Court Act which the circuit court judge should consider in imposing sentence on a child. While it seems most unlikely that the Court would suspend the sentence, impose a fine, commit the child to the county jail for a term which cannot exceed one year in a case which even approaches the callous brutality involved in this case, it is, nevertheless, possible that under different circumstances and with extenuating factors involved, a court might utilize one of the alternatives set out. For that reason, and so that this Court may make appropriate evaluation of the discretion exercised by the trial judge, it is appropriate for the trial *803 judge to see to it that the record clearly reflects the reasons which prompted him to exercise his discretion in utilizing or not utilizing the alternatives afforded. The trial court should let the record disclose the facts which prompted the exercise of his discretion either way.

B. MAY THE SENTENCES, IMPOSED CONSECUTIVELY, EXCEED THE DEFENDANT'S ACTUARIAL LIFE EXPECTANCY?
One other problem requires some discussion. Both of the statutes dealing with the crimes here involved authorize the imposition of a life sentence upon conviction if the jury shall so determine. Miss. Code Ann. §§ 97-3-53; 97-3-65 (Supp. 1989). In each of these convictions, therefore, the jury having been unable to agree on life imprisonment as the appropriate sentence, the court must impose some lesser sentence than life. Friday v. State, 462 So.2d 336, 339 (Miss. 1985); Warren v. State, 456 So.2d at 738-39; Brooks v. State, 236 So.2d 751, 754 (Miss. 1970). Since both of these crimes grew out of a series of violent acts by one individual toward another individual in an unbroken chain of events, may the total of the sentences imposed by the court amount to more than the actuarial life expectancy of the defendant? We have carefully considered this matter and have concluded that each sentence is to be imposed without respect to the other. We think it is clear under the statute. Miss. Code Ann. §§ 99-7-2; 99-19-21 (Supp. 1989)[2]. If this matter were not so treated, circumstances might well arise where it will be impossible for the State to impose any meaningful sentence where more than one crime was committed. Harper v. State, 463 So.2d 1036, 1041 (Miss. 1985).
CONVICTION ON COUNT I, KIDNAPPING, AFFIRMED; CONVICTION ON COUNT II, RAPE, AFFIRMED; REMANDED FOR SENTENCING HEARING.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
NOTES
[1] Warren v. State, 456 So.2d at 738-39, held that the legislature has prescribed that the sentence for rape is life imprisonment if the jury so agrees, then the court affixes the penalty at imprisonment in the state penitentiary for such term as the court in its discretion may determine, but less than life.
[2] § 99-7-2(1), (2), (3), (4), (5) provides:

(1) Two (2) or more offenses which are triable in the same court may be charged in the same indictment with a separate count for each offense if: (a) the offenses are based on the same act or transaction; or (b) the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan.
(2) Where two (2) or more offenses are properly charged in separate counts of a single indictment, all such charges may be tried in a single proceeding.
(3) When a defendant is convicted of two (2) or more offenses charged in separate counts of an indictment, the court shall impose separate sentences for each such conviction.
(4) The jury or the court, in cases in which the jury is waived, shall return a separate verdict for each count of an indictment drawn under subsection (1) of this section.
(5) Nothing contained in this section shall be construed to prohibit the court from exercising its statutory authority to suspend either the imposition or execution of any sentence or sentences imposed hereunder, nor to prohibit the court from exercising its discretion to impose such sentences to run either concurrently with or consecutively to each other or any other sentence or sentences previously imposed upon the defendant.
§ 99-19-21 provides the following:
When a person is sentenced to imprisonment on two (2) or more convictions, the imprisonment on the second, or each subsequent conviction shall, in the discretion of the court, commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction.