## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 95-KA-00127-SCT

*CLAY FERGUSON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/11/95 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | ATTALA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAN W. DUGGAN, JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOLENE M. LOWRY |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 1/16/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/2/97 |

**BEFORE PRATHER, P.J., BANKS AND McRAE, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

### I. INTRODUCTION AND STATEMENT OF THE CASE

¶1. Clay Ferguson, a minor, seventeen years of age at the time of trial, was indicted for burglary and armed robbery for an incident on May 1, 1991, in which he and another individual broke into the home of James Betts at night with a weapon and robbed him of $1,100. On August 23, 1993, Ferguson pleaded guilty to the charge of burglary (Count II) and to a charge of robbery (Count I) and was sentenced to sixteen and fifteen years on the burglary and robbery charges, respectively. Ferguson filed a motion for post-conviction relief on August 3, 1994, citing the failure of the trial judge to consider alternate juvenile sentencing guidelines and alleging that the circuit court committed reversible error in trying the defendant without youth court certification of the charge of burglary.

¶2. The trial court denied both motions for post-conviction relief in a written ruling filed on January 11, 1995, and Ferguson timely filed an appeal. On appeal, this Court agrees with the State that the trial judge properly considered the alternate sentencing guidelines for juveniles, but this Court agrees with Ferguson that the trial judge committed reversible error in failing to have the burglary charge certified by the youth court. Accordingly, this Court directs that the burglary conviction be set aside, but that Ferguson continue to serve his sentence for robbery.

## II. ISSUES

### A. Did the trial court commit reversible error in not considering the juvenile sentencing guidelines?

¶**3.** Ferguson argues that the trial court committed reversible error in failing to consider alternate sentencing guidelines applicable to juveniles pursuant to Miss. Code Ann. §43-21-159(1)-(3). Ferguson cites this Court's decision in *Gardner v. State*, 455 So.2d 796 (Miss. 1984), in which this Court wrote:

> For the above reasons, the judgment of the Circuit Court finding the appellant guilty of armed robbery is affirmed. However, in view of the fact that the appellant was only fourteen years of age at the time of the commission of the crime and was only fifteen years of age at the time of sentence, justice requires that the trial court *consider* alternative sentences provided for under the Youth Court Act and make a record of that consideration and ultimate findings as outlined in *May v. State*, 398 So.2d 1331 (Miss. 1981).

*Gardner*, 455 So.2d at 800-01.

¶4. In *May*, this Court held:

> We think that the Legislature, in providing alternative methods of sentencing of minors, intended in cases involving special circumstances surrounding a minor defendant, that the trial judge consider seriously those alternatives enumerated in the statute and that the presence or absence of facilities for care of a minor offender be considered in mitigation of the punishment provided by statute. In our opinion, in addition to his consideration of the expert testimony, which became a part of the record on the sentencing phase, the trial judge should have placed in the record the sources and facts of this study and should have permitted appellant's counsel to introduce evidence of the presence or absence of facilities at Mississippi State Penitentiary for care of the appellant, and the availability of other institutions or facilities which could be used by appellant. Therefore, we remand the cause to the lower court for hearing further evidence of extenuation or mitigation and for sentencing not inconsistent with this opinion.

*May*, 398 So.2d 1340.

¶5. Ferguson notes that, since his guilty plea, the legislature has revised the statutes so that courts may no longer consider the alternate sentencing guidelines, but he argues that does not excuse the failure of the circuit court to correctly apply the law as it existed at the time of his guilty plea.

¶6. The circuit judge in the present case made no notation in the record of having considered the juvenile sentencing guidelines at the August, 1993 guilty plea hearing, but the record indicates that

the judge did consider the guidelines in the context of Ferguson's motion for post-conviction relief**.** The circuit judge wrote in his ruling:

> The Petitioner, by and through his attorney, Honorable Dan W. Duggan, Jr., submitted this matter to the court along with a brief in support of the motion. The court was asked to rule on this motion without a hearing. The court did receive, and did consider, along with the motion, letters submitted by Mr. Duggan, from members of the community, asking that the Petitioner's sentence be reduced . . . Although there is no showing in the record that the juvenile sentencing guidelines were considered by this court at the time the petitioner was sentenced, this court has now considered those alternatives and is of the opinion that due to the seriousness of the offenses committed by the Petitioner, the sentence of this court was and is appropriate.

The circuit judge thus indicated in his ruling that he had duly considered the pleas for leniency and testimony in support of Ferguson's good character, but that the seriousness of the offense in question caused him to deny the request for a more lenient sentence.

¶7. Thus, the circuit judge set forth his reasons for not electing to impose the more lenient juvenile sentencing guidelines in accordance with the dictates of this Court in **Erwin v. State**, 557 So.2d 799, 802-03 (Miss. 1990). In **Erwin**, this Court held that "it is appropriate for the trial judge to see to it that the record clearly reflects the reasons which prompted him to exercise his discretion in utilizing or not utilizing the (juvenile sentencing) alternatives afforded. The trial court should let the record disclose the facts which prompted the exercise of his discretion either way." **Erwin**, 557 So.2d at 802-03. See **Swinford v. State**, 653 So.2d 912, 917-18 (Miss. 1995).

¶8. The circuit judge did not set forth an extensive list of factors which he considered in support of his ruling, but this Court concludes that the judge was within his discretion in ruling that his original ruling should stand in light of the severity of the offense in question. Moreover, the record clearly reveals that it was the attorney for Ferguson who requested that no hearing be held with regard to his motion for consideration of the sentencing guidelines. It thus appears that Ferguson was granted the consideration of the guidlelines which he requested, and that he is simply dissatisfied with the results thereof.

¶9. Ferguson also appears to disregard the judge's statement in his ruling that he had considered the letters offered by Ferguson in support of a reduction in his sentence. Citing **Reed v. State**, 526 So.2d 538 (Miss. 1988), Ferguson argues that "unlike the **Reed** case, the trial court failed to conduct an extensive review of any letters or listen to any evidence from the list of prospective witnesses which the appellant attached to his Motion For Post Conviction Relief." Ferguson's assertion that the trial court failed to conduct an "extensive" review of any letters is not supported by the record. As noted earlier, the circuit judge stated in his ruling that "(t)he court did receive, and did consider, along with the motion, letters submitted by Mr. Duggan, from members of the community, asking that the Petitioner's sentence be reduced." The circuit judge stated that he considered the letters in question, and Ferguson provides no evidence indicating that the review of said evidence was not "extensive."

¶10. The **Reed** case which Ferguson attempts to distinguish from the present case is, contrary to his protestations, very much applicable to the present case. In that case, Reed argued that although the trial judge had "given lip service to the consideration of alternative sentencing, the trial court failed to make the specific findings and set forth the basis for the ultimate sentence as imposed as required by

the statute in *May.*" *Reed*, 526 So.2d at 541. This Court affirmed, pointing out that the trial judge had extensively reviewed letters in support of Reed, had considered the youth of defendant,[(1)] and was aware of the discretion given to him under the youth sentencing guidelines. This Court held that "despite this discretion, it was fully within the judge's discretion to impose a life sentence." *Id.* at 541.

*¶11. Reed* is thus very similar to the present case, and Ferguson's only basis for distinguishing the two cases is an unwarranted assertion that the trial judge's consideration of the letters in the present case was not extensive. Ferguson was granted a consideration of his evidence in support of leniency in the manner which he requested and in a manner very similar to that approved by this Court in *Reed*. This Court held in *Reed* that the trial court had the discretion to impose the sentence of life imprisonment for murder, and it is clear that the circuit judge in the present case had the discretion to impose the sentence that he did. Accordingly, this point of error is overruled.

### B. The trial court erred in failing to certify the burglary charge from the youth court.

¶12. The second point of error relates to the issue of whether or not the trial court erred in failing to require certification of the burglary charge from the youth court. The record reflects that in exchange for a plea of guilty to both charges, the district attorney's office agreed to reduce the armed robbery charge to robbery and to recommend a fifteen year sentence on the robbery charge and a sixteen year sentence on the burglary charge to run concurrently with the robbery charge. The plea was accepted. Ferguson now argues:

> There is no indication anywhere within the court file that a transfer hearing and order were obtained from the Attala County Youth Court. Since armed robbery is punishable by a penalty of up to life in prison, the Appellant does not dispute that the Attala County Circuit Court retained exclusive jurisdiction over him concerning the armed robbery charge in Count Two. However, the burglary charge required certification. Before a minor under the age of 18 may be tried in Circuit Court on a non-capital offense, it is necessary to obtain proper certification. [*citing Hopkins v. State*, 209 So.2d 841 (Miss. 1968)].

The burglary charge carried a penalty of seven to fifteen years, Miss. Code Ann. § 97-17-21 but now repealed. Pursuant to Miss. Code Ann. § 97-3-79, armed robbery may carry a life sentence if the penalty of life is fixed by a jury; but if the jury fails to fix the penalty at life, the judge may set any term not less than three years within his/her discretion, but within constitutional limits. *Presley v. State,* 474 So. 2d 612, 620 (1985). In this case, the trial judge advised the defendant that he could sentence him to a maximum sentence of forty years. Ferguson indicated that he understood this and entered his plea of guilty and received the sentences indicated here. Additionally the judge gave the defendant a chance to change his plea, which the defendant declined to so.

¶13. The jurisdiction of the youth court is established by Miss. Code Ann. § 43-21-157. This youth was within the age group properly before the youth court in all acts that would constitute felonies if committed by an adult, such as the burglary charge. For those criminal charges punishable by life imprisonment or death, the jurisdiction is vested in the circuit court of the appropriate county. *Butler v. State* 217 So. 2d 525 (Miss 1969).

¶14. This issue is essentially resolved, given that the State agrees with Ferguson that the circuit court did not have jurisdiction over the more minor burglary charge, which was not certified from the youth

court. Moreover, the parties agree that the proper remedy is to set aside the burglary charge altogether. The State writes in its brief that:

> According to the state of the law at that time Ferguson entered his guilty plea, the circuit court did not have jurisdiction over the burglary charge for which he received a 16 year sentence; the State cannot, in all candor, argue that it did. However, even if the burglary charge were reversed and the plea vacated, Ferguson is still serving 15 years for the robbery charge, which the circuit court properly had jurisdiction over, from which a proper guilty plea was entered, and which he does not contest.

Ferguson states in his brief that he does not seek to set aside the guilty plea on the robbery charge, and both parties are in agreement that the burglary conviction should be set aside based on the circuit court's lack of jurisdiction. Based upon Ferguson's representation to this Court that he accepts that the validity of his guilty plea with regard to the robbery charge, this Court agrees that the burglary conviction should be set aside. This Court directs that the burglary conviction be set aside but that Ferguson continue to serve his sentence for the robbery conviction.

¶15. This Court holds that the robbery charge, Count I, is affirmed together with the sentence of fifteen years. As to Count II, the burglary conviction and sentence of sixteen years is vacated.

¶16. **COUNT I: AS TO ROBBERY CONVICTION: DENIAL OF POST-CONVICTION RELIEF AFFIRMED. COUNT II: AS TO BURGLARY: DENIAL OF POST-CONVICTION RELIEF REVERSED AND RENDERED.**

**LEE, C.J., SULLIVAN, P.J., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR. MILLS, J., CONCURS IN RESULT ONLY.**

1. Reed, like Ferguson, was seventeen years old, as opposed to the younger defendants in *May* and *Gardner*.