856 So.2d 556 (2003)
Terry McCLINE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00921-COA.
Court of Appeals of Mississippi.
May 20, 2003.
Rehearing Denied August 12, 2003.
*558 Terry McCline, Pro Se, attorney for appellant.
Office of the Attorney General by: John R. Henry, attorney for appellee.
Before SOUTHWICK, P.J., LEE, and GRIFFIS, JJ.
SOUTHWICK, P.J., for the court.
¶ 1. Terry McCline appeals his conviction in the Sunflower County Circuit Court of armed carjacking, armed robbery and conspiracy to commit armed robbery. As error, McCline claims double jeopardy, ineffective assistance of counsel, an excessive sentence, and that trial counsel appeared without authorization of the court. We disagree and affirm.

FACTS
¶ 2. On August 9, 2000, three men in a red car forced a Dixie Tobacco and Candy Company delivery truck off the road just outside of Shaw, Mississippi. Once the truck had stopped, two masked men emerged from the car and approached the truck. One of the individuals was armed with a pistol. The driver and a second Dixie employee were ordered out of the truck. The culprits then drove the truck and the red car away.
¶ 3. The robbery was witnessed by Shay Thomas, who was traveling the same road on his way to work. Thomas immediately called police, notified them of a robbery in progress, and then picked up the two Dixie employees. Police were able to begin a chase of the vehicles. Eventually the two men in the Dixie truck stopped, abandoned the truck and continued their flight in the red car.
¶ 4. The driver of the red car ran off the road into a ditch. The three occupants fled on foot, two going north, the third, Terry McCline, heading south. While police apprehended the other two men, McCline returned to the car and tried to drive it out of the ditch. When police noticed his return, McCline ran into the woods, leaving behind one of his shoes. Approximately two hours later, police located McCline and placed him under arrest. All three men were later indicted on charges of armed carjacking, armed robbery and conspiracy.
¶ 5. Each indictee was offered a plea bargain by the district attorney's office. In exchange for a guilty plea, the prosecution would recommend a ten-year sentence on all charges. All but McCline accepted the deal. McCline went to trial and was found guilty on all charges. He received a sentence of thirty years for the carjacking, forty-five years for the armed robbery and *559 five years for conspiracy, each to be served consecutively.
¶ 6. McCline terminated his trial counsel's representation for the appeal. Nevertheless, counsel filed notice of appeal and submitted a brief. McCline filed a pro se motion with the supreme court to have counsel removed and have the brief submitted through counsel stricken from the appellate record. The court granted the motion to remove counsel and allowed McCline to proceed pro se, but denied the motion to have the brief stricken as a moot issue.
¶ 7. McCline submitted a brief. We analyze the issues he presents, since trial counsel has been dismissed. The State had filed a brief opposing the issue raised in counsel's brief but, after three enlargements of time, failed to answer the pro se brief submitted by McCline.

DISCUSSION

1. Double jeopardy
¶ 8. McCline alleges that he was subjected to double jeopardy in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution. He argues that armed robbery and armed carjacking are "predecessors and require proof of each other in order to be established." McCline also states that the charges are double jeopardy because they all arose from the same incident.
¶ 9. A defendant faces double jeopardy when prosecuted a second time for the same crime following either conviction or acquittal, or when he receives multiple punishments for the same crime. White v. State, 702 So.2d 107, 109 (Miss. 1997). To determine whether two charges actually comprise only one actual crime, we apply the "same elements" test. This test looks to whether each offense requires proof of some element not contained in the other. Id. If not, double jeopardy prohibits additional prosecutions or successive punishments. Id.
¶ 10. Armed carjacking and armed robbery contain overlapping elements. Both require the removal of another's property through the use, threatened use or display of a weapon. Miss.Code Ann. § 97-3-117(2) (Rev.2000); Miss.Code Ann. § 97-3-79 (Rev.2000). However, the mere fact that there is substantial overlap in the proof necessary to establish each crime does not constitute double jeopardy. No double jeopardy exists if each offense contains an element not contained in the other. Bannister v. State, 731 So.2d 583, 586 (Miss.1999).
¶ 11. The offense of armed carjacking required that the State prove that McCline took a motor vehicle while utilizing a weapon. The armed robbery for which McCline was convicted was the taking of money from the occupants of the truck, not for the taking of the vehicle itself. Proof supported that McCline committed two different crimes and received one punishment for each.

2. Ineffective assistance
¶ 12. McCline argues that he was prejudiced by ineffective assistance of counsel due to trial counsel's failure to object to double jeopardy, and failure to object to the State's findings of fact which noted the robbery and carjacking occurred August 9, 2001, rather than in the year 2000.
¶ 13. Review of claims of ineffective assistance of counsel is made under the standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The claimant must show two things: (1) deficient performance by counsel, and (2) prejudice to the defendant due to counsel's deficiencies. Id. at 687, 104 *560 S.Ct. 2052. "Prejudice" has been held to mean that, but for counsel's inadequacies, the trial outcome would have been different. Cole v. State, 666 So.2d 767, 775 (Miss.1995).
¶ 14. We have already discussed the issue of double jeopardy. Trial counsel will not be held ineffective for declining to make a spurious legal argument.
¶ 15. The statement of facts to which McCline objects is actually a memorandum issued by the Sunflower County Sheriff's Department. It described the physical evidence taken into custody by police on the day that McCline was arrested. This included the various items of clothing, such as the masks worn by the robbers and retrieved at the scene of the arrest. It is not clear whether this was an internal police memo or prepared in anticipation of trial. It does refer to the crimes having occurred in the year 2001 rather than in 2000.
¶ 16. McCline argues that he was prejudiced by his attorney's failure to object to this error. He does not say how he was prejudiced. Without a showing of prejudice, McCline has failed to show that any error by his attorney contributed to his conviction.

3. Excessive punishment
¶ 17. McCline's third argument is that the sentences received are excessive because they aggregate to a term greater than his life expectancy and were far in excess of what his co-indictees received.
¶ 18. In general, a sentence which falls within the permissible range designated by statute will not be disturbed on appeal. Corley v. State, 536 So.2d 1314, 1319 (Miss.1988). The exception to this rule is for proof of disproportionality. Hoops v. State, 681 So.2d 521, 538 (Miss. 1996). The disproportionality that McCline claims, however, is between his sentence and those received by the other participants of the crime. The threshold inquiry on a claim of disproportionality is whether the punishment is excessive for the crime committed. Id. Unless the appellant can make this first showing, a comparison with sentences imposed on other defendants is irrelevant. Id.
¶ 19. McCline also complains that the aggregation of the sentences, eighty years, exceeds his life expectancy and is thus excessive. Each sentence imposed for conviction of multiple offenses is to be imposed without respect to each other, even where the several offenses grew out of a single unbroken chain of events. Erwin v. State, 557 So.2d 799, 803 (Miss. 1990). This remains true even though the aggregation of the sentences exceeds the defendant's actuarial life expectancy. Id. Thus, we look not to the aggregate for determining whether a sentence is excessive, but each sentence compared to each crime in isolation.
¶ 20. Each of the sentences McCline received was within the statutory limits. He received the maximum penalty for the armed carjacking and conspiracy. The maximum penalty for armed robbery is life imprisonment if the jury so decides. Miss.Code Ann. § 97-3-79 (Rev.2000). Where the jury is unable to agree on a sentence of life imprisonment, the court is to set a sentence reasonably less than life. Erwin, 557 So.2d at 803. The sentence imposed for the armed robbery was forty-five years. At age twenty-three, McCline's age at trial, forty-five years is a term reasonably less than a life term. Each of the sentences McCline received are within the statutory boundaries and while severe are not excessive.

*561 4. Appointment of defense counsel

¶ 21. McCline's final complaint is that no official record exists to show that defense counsel, W.S. Stuckey, was properly appointed to represent McCline. Stuckey represented McCline throughout the trial without protest from McCline.
¶ 22. McCline does not explain how the absence of an appointment order from the record has injured or prejudiced him, nor does he cite any authority to support his contention that this requires his conviction to be vacated. As such, this argument merits no further consideration.
¶ 23. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I ARMED CARJACKING AND SENTENCE OF THIRTY YEARS; COUNT II ARMED ROBBERY AND SENTENCE OF FORTY-FIVE YEARS; AND COUNT III CONSPIRACY AND SENTENCE OF FIVE YEARS, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SENTENCES TO RUN CONSECUTIVELY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, J.J., CONCUR.