# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-KA-00945-SCT

*GREGORY MARQUISE WILLIS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 2/27/2004 |
| TRIAL JUDGE: | HON. GEORGE B. READY |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN D. WATSON |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOHN R. HENRY |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED -09/22/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., EASLEY AND GRAVES, JJ.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     Convicted of robbery and conspiracy to commit robbery with a deadly weapon and sentenced to concurrent imprisonment of 20 years and 5 years, respectively, Gregory Marquise Willis appeals and contends that the trial court erred in failing to exclude testimony by a police officer, that the verdict was contrary to the weight of the evidence, and that the sentences are excessive. Finding no reversible error, we affirm.

## FACTS AND PROCEEDINGS BELOW

¶2.　On March 7, 2003, at 10:00 a.m., Norman McCall ("Norman") opened his business, Norm's Southaven Liquor. Also present in the store that day were three additional employees: Norman's wife, Sue McCall ("Sue"), Peggy Mackey ("Peggy"), and Norman's son-in-law, Robert Gregory ("Robert"). At approximately 11:00 a.m., two masked men entered the store with guns. Norman testified that one of the robbers was bigger than the other. The larger man attempted to get Sue to open the safe in the back of the store, but Norman volunteered and the larger man walked him to the back of the store. Upon entering the back of the store, Norman noticed that Robert had called 911 and then set the receiver down in order to accompany Norman and the larger man to the safe. Norman opened the safe, and the larger man took approximately $1,988.00.

¶3.　While Norman was in the back opening the safe, the smaller armed man stayed at the front of the store with the other employees. Norman testified that he could not identify the men. Sue and Peggy also testified that they could not identify the men. Jeff Wright, the plumber, and Robert also testified that they could not identify the individuals. Cathy Newsome, another customer, testified that the smaller man was wearing dark clothing.

¶4.　Officer Todd Matney of the Southaven Police Department responded to the 911 hang-up call from Norm's Liquor. Officer Matney testified that as he entered the parking lot, the suspect vehicle came at him head-on at a high rate of speed. Officer Matney further testified that the vehicle slowed down in order to drive over the curb, and at that point, he identified the two suspects' faces because they were no longer wearing masks. After the suspects were captured by the Memphis Police, Officer Matney visually identified the men as they sat in squad cars. Officer Craig Respess of the Southaven Police Department testified that as he

pursued the vehicle, he only got a brief view of the suspects. Officer Respess testified that he was driving about 70 mph and that the suspect vehicle was driving roughly the same speed in the opposite direction.

¶5.     Officer Gary Claxton of the Memphis Police Department received a broadcast that the suspects had abandoned their vehicle in the Whitehaven area of Memphis. A second broadcast informed Officer Claxton of a suspicious person in the vicinity. Officer Claxton apprehended Willis less than a mile from the scene where the car was wrecked. Officer Claxton also testified that he was told by another officer that the larger suspect, Jonathan Williams, initially implicated the smaller suspect (Willis) at the scene of the arrest. However, during the trial, Williams testified that he did not know Willis prior to the charges being brought. Jonathan Williams also testified that there was someone with him when he committed the crime, but denied ever implicating Willis.

¶6.     Officer Todd Pierce of the Southaven Police Department testified that he spoke with Jonathan Williams at the arrest scene while Williams was in the back of a Memphis squad car and at that point, Williams implicated Willis. Officer Pierce further testified that he did not get a written statement from Williams at the scene, but wrote one himself a week later. Officer Pierce stated that he gave the statement to the detective in the case, but that the statement was missing the week before the trial. Officer Pierce printed another copy of the statement from his work computer and furnished it to the District Attorney.

¶7.     Willis was indicted by the grand jury of DeSoto County, Mississippi. After a bench trial, he was found guilty of conspiracy to commit robbery with a deadly weapon and robbery. The trial court sentenced him to five (5) years on the conspiracy count and  twenty (20) years on

3

the robbery count, to be served concurrently. The trial court denied Willis's motion for a new trial.

¶8. On appeal, Willis raises three issues: (1) Whether the trial court erred in not excluding the testimony of Officer Pierce based upon a discovery violation and Mississippi Rules of Evidence ( M.R.E.) 1002 and 1003; (2) Whether the verdict of the trial court was contrary to the weight of the evidence; and (3) Whether the sentence imposed by the court was excessive.

## DISCUSSION

### I. Whether the trial court erred in not excluding the testimony of Officer Todd Pierce based on a discovery violation and M.R.E. 1002, 1003.

¶9. Officer Pierce testified at Willis's's bench trial that he had written a statement regarding comments made by Jonathan Williams at the scene of the arrest. Officer Pierce testified that he drafted the statement and gave it to the main detective on the case and the statement was apparently misplaced or destroyed prior to one week before the bench trial. Willis contends that the statement Officer Pierce supplied prior to trial was not in fact the exact statement produced at the time of the incident. The State counters by arguing that during the testimony of Officer Pierce, Willis made no objection on any ground. On redirect, the State asked other questions about the statement and again, there was no objection by Willis. It was **only after** Officer Pierce was excused that Willis alleged a discovery violation.

¶10. Rule 9.04(E) of the Uniform Rules of Circuit and County Court Practice (U.R.C.C.C.) states:

> Both the state and the defendant have a duty to timely supplement discovery. If, subsequent to compliance with these rules or orders pursuant thereto, a party discovers additional material or information which is subject to disclosure, that party shall promptly notify the other party or the other party's attorney of the existence of such additional material, and if the additional material or information is discovered during trial, the court shall also be notified.

In addition, Rule 9.04(I) of the Uniform Rules of Circuit and County Practice states:

> If during the course of trial, the prosecution attempts to introduce evidence which has not been timely disclosed to the defense as required by these rules, and the **defense objects** to the introduction for that reason, the court shall act as follows:
>
> 1. Grant the defense a reasonable opportunity to interview the newly discovered witness, to examine the newly produced documents, photographs or other evidence; and
>
> 2. If, after such opportunity, the defense claims unfair surprise or undue prejudice and seeks a continuance or mistrial, the court shall, in the interest of justice and absent unusual circumstances, exclude the evidence or grant a continuance for a period of time reasonably necessary for the defense to meet the non-disclosed evidence or grant a mistrial.
>
> 3. The court shall not be required to grant either a continuance or mistrial for such a discovery violation if the prosecution withdraws its efforts to introduce such evidence.

¶11. The initial determination concerns the timing of the defendant's objection to the introduction of the disputed evidence. In *Cummings v. State*, 465 So.2d 993, 995 (Miss. 1985), we affirmed the conviction of a defendant where the defendant failed to make any contemporaneous objection to the introduction of certificates of felonies. *See also Frazier v. State*, 907 So.2d 985 (¶ 28)(Miss. Ct. App. 2005) (objection must be contemporaneous).

5

In **Ross v. State**, 603 So.2d 857, 862 (Miss. 1992), we held that a defendant's failure to request a continuance works as waiver of a claim of a discovery violation.

¶12.    Willis's alleged a discovery violation only **after** Officer Pierce was excused as a witness. Therefore, under U.R.C.C.C. 9.048 (E) (I), Willis did not make a timely objection to the introduction of the disputed evidence at trial because the objection was not contemporaneous. Also, Willis's failure to request a continuance waived his claim of a discovery violation. **Ross v. State**, 603 So.2d at 862.  We find that because Willis failed to make a contemporaneous objection to the introduction of the disputed evidence at the trial level, he is barred from addressing the matter on appeal. Therefore, we need not discuss M.R.E. 1002, & 1003.

> **II.      Whether the verdict of the trial court was contrary to the weight of the evidence.**

¶13.    When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. **Stewart v. State,** 2005 WL 1981769, *4 (Miss. 2005).

¶14.    The record shows that the prosecution presented sufficient evidence to support the conviction of Willis as the second gunman in the robbery. The trial court's decision to find Willis guilty on both counts does not result in an unconscionable injustice. Officer Matney of the Southaven Police Department testified that he positively identified Willis as the man who was driving the get-away car. Secondly, Jonathan Williams (a key witness for the State) identified Willis as his partner in the robbery at the time of his arrest. Williams admitted that

he had been with Willis the entire day of the robbery. When Williams took the stand at Willis's trial, he refused to testify about the person being with him during the robbery because he feared for his family's life. Finally, Willis claimed that he was in traffic court the morning of the robbery, but he failed to produce any witnesses or paperwork to corroborate his alibi.

¶15. Considering all of the relevant and admissible evidence, the verdict of guilty was not contrary to the overwhelming weight of the evidence. Therefore, we will not disturb the verdict of the trial court.

### III. Whether the sentence imposed by the court was excessive.

¶16. Willis's final contention is that the twenty (20) year sentence he received for the crime of robbery is excessive. By statute, a person who commits robbery in Mississippi can be sentenced to a maximum of life imprisonment and a minimum of three years. Miss. Code Ann. § 97-3-79 (Rev. 2000). Willis's sentence does fall within the range allowed by statute. When a sentence falls within a range permitted by statute then it will not be disturbed on appeal. *Corley v. State*, 536 So.2d 1314, 1319 (Miss. 1988); *Hoops v. State*, 681 So.2d 521, 538 (Miss. 1996); *McCline v. State*, 856 So.2d 556, 560 (Miss. Ct. App. 2003). The only exception for this is if there is proof of gross disproportionality. *Id.* Willis argues that his sentence is disproportionate to the crime for which he was convicted.

¶17. The United States Supreme Court has set out factors in determining whether a sentence is disproportionate: "(1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; **and** (3) the sentences imposed for commission of the same crime in other jurisdictions." *Solem v. Helm*, 463 U.S. 277, 292-94, 103 S.Ct. 3001, 77 L. Ed. 2d 637 (1983).

7

¶18.    As stated in *Solem*, the United States Supreme Court requires that **all three** factors must be presented by a defendant when determining the disproportionality of a sentence. Upon a careful reading of Willis's brief, we conclude that Willis did not address the third prong of the *Solem* inquiry (the sentences imposed for commission of the same offense in other jurisdictions). This failure to address all the *Solem* factors bars Willis's claim on appeal.

## CONCLUSION

¶19.    Because there were no reversible errors in the trial, the circuit court's judgment is affirmed.

¶20.    **COUNT I:    CONVICTION OF CONSPIRACY TO COMMIT ROBBERY AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT II: CONVICTION OF ROBBERY WITH A DEADLY WEAPON AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH CONDITIONS, AFFIRMED. SENTENCE IN COUNT I SHALL BE SERVED CONCURRENTLY WITH SENTENCE IN COUNT II.  APPELLANT IS  GIVEN CREDIT FOR 338 DAYS TIME SERVED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**