867 So.2d 268 (2004)
John McMINN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-CA-01939-COA.
Court of Appeals of Mississippi.
March 9, 2004.
*269 Robert S. Mink, University, attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS and GRIFFIS, JJ.
THOMAS, J., for the Court.
¶ 1. John McMinn filed a motion for post-conviction relief which was denied by the Hinds County Circuit Court. Aggrieved, McMinn asserts the following issue on appeal:
I. THE TRIAL COURT ERRED IN SENTENCING MCMINN TO A TERM OF IMPRISONMENT MORE THAN THREE TIMES THE AVERAGE TERM IMPOSED ON OTHER, SIMILARLY SITUATED DEFENDANTS AND FAILED TO STATE ANY REASONS FOR THE SENTENCE.
Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. In November 1997, a police informant bought methamphetamine from John McMinn. The informant made two more methamphetamine purchases from McMinn over the next twenty days. McMinn was obtaining the methamphetamine from Angela Sherman and Charles Campbell. Several different indictments arose out of the sales. John McMinn was charged with three counts of the sale of crystal methamphetamine, a controlled substance and two counts of conspiracy. McMinn pled guilty to one count of sale and one count of conspiracy and was sentenced to two ten-year concurrent sentences to be followed by two concurrent terms of post-release supervision of two and four years respectively. Charles Campbell pled guilty to one count of possession and was sentenced to three years. Angela Sherman pled guilty to one count of sale and one count of conspiracy and was sentenced to four years to serve followed by three years post-release supervision.
¶ 3. At the sentencing hearing, the trial court was informed that McMinn was on active reserve with the United States Marine Corps and that he had previously been employed by the Hinds County Sheriff's Department although he was not at the time the charges were incurred. McMinn failed to appear for his first hearing on change of plea because he had fled the country. McMinn was arrested in Louisiana while going through customs upon his return to the U.S. McMinn had no prior felony convictions, but did have one non-adjudication for trespass in Florida, one juvenile conviction for auto burglary, and one aggravated assault charge that was dropped.
¶ 4. McMinn filed a motion for post-conviction relief asserting that his sentence, although less than the statutory maximum, was excessive and much greater than both Campbell and Sherman and other similarly situated defendants. McMinn performed research that reviewed 1,554 criminal indictments from the Hinds County Circuit Court in drug cases carrying maximums of thirty years or more. According *270 to McMinn, only one received a sentence equivalent to his, and the average was approximately one-third of the sentence he received. The trial court denied McMinn's motion without findings of fact.

ANALYSIS
I. DID THE TRIAL COURT ERR IN SENTENCING MCMINN TO A TERM OF IMPRISONMENT MORE THAN THREE TIMES THE AVERAGE TERM IMPOSED ON OTHER SIMILARLY SITUATED DEFENDANTS AND FAILING TO STATE ANY REASONS FOR THE SENTENCE?
¶ 5. McMinn asserts that the trial court erred in sentencing him to two concurrent ten year terms, a sentence that he contends is excessive and greater than other similarly situated defendants in Hinds County. The State points out that McMinn failed to object to the sentence imposed upon him by the trial court and that McMinn is attempting to attack his conspiracy and sale convictions in one post-conviction filing which is not permitted under Mississippi Code Annotated § 99-39-9(2) (Rev.2000). Therefore, McMinn's claim was not properly presented and is procedurally barred.
¶ 6. Notwithstanding the procedural bar, the trial court committed no error in denying relief on McMinn's motion. McMinn could have received up to thirty years for the sale of methamphetamine. Miss.Code Ann. § 41-29-139(b)(1) (Rev.2000). He could have received up to twenty years for his conviction of conspiracy. Miss.Code Ann. § 97-1-1(h) (Rev.2000). The trial court could have ordered for these sentences to be served consecutively, for a total of fifty years in the custody of the Mississippi Department of Corrections. McMinn's sentence is only one-fifth of the maximum allowed by Mississippi law for the crimes to which he pled guilty. The sentences imposed were well within statutory limits, and are therefore beyond this Court's authority to disturb. Hoops v. State, 681 So.2d 521, 537-38 (Miss.1996).
¶ 7. McMinn did not meet his burden to establish evidence regarding sentences for sale of methamphetamine and conspiracy in other jurisdictions. One distinguishing factor is that McMinn fled the jurisdiction while his trial and sentencing were pending. Although he tries to downplay this fact by stating that he had returned to the country in order to turn himself over to authorities, there is no evidence of this fact other than statements made in the appellant's brief. The fact remains that he was apprehended by customs agents immediately upon his return. The fact that he fled alone is sufficient for the sentencing court to impose a stiffer sentence than would otherwise be imposed. Sullivan v. State, 749 So.2d 983, 996 (Miss.1999). McMinn also admits in his brief that he sold the methamphetamine in all three instances to the police informant. The record is less clear about the roles played by the other named individuals. Although they no doubt played a role, McMinn's role was "front and center" and he indeed was named in more indictments than the other two offenders.
¶ 8. This issue is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.