ISHEE, J.,
for the Court.
¶ 1. Petitioner’s motion for post-conviction relief was denied by the trial court. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. On May 19, 2000, Hill was indicted as a habitual offender for two counts of grand larceny in the Lafayette County Circuit Court. In April 2001, the court accepted Aundrey Hill’s guilty plea to the two counts of grand larceny. For each count of grand larceny, the circuit court initially sentenced Hill to serve a term of ten years in the custody of the Mississippi Department of Corrections (MDOC), with five years of the sentence to be suspended. The sentences were to run concurrently with each other, as well as with Hill’s sentence from a prior grand larceny guilty plea in Pontotoc County. Hill was also sentenced to two years of post-release supervision upon his release from incarceration.
¶3. On January 29, 2002, Hill filed a motion in the circuit court for post-conviction relief, arguing that he received an illegal sentence. The trial court amended Hill’s April 2001 sentencing order on November 26, 2002, stating that “[t]he court intended to sentence [Hill] to five years on each count to run consecutively with each other for a total of ten years, and then to suspend five of those years, leaving five years to serve, with the two years of post-release supervision.” The trial court then amended the April 2001 sentence to reflect that original intention.
¶ 4. On September 16, 2003, Hill filed a motion to prosecute in the circuit court, arguing that he had received an illegal sentence. The motion was denied on September 23, 2003. Aggrieved, Hill then filed an appeal with this Court pro se, also arguing that his sentence was illegal.
DISCUSSION
¶ 5. We begin our discussion with the standard of review. Where questions of *495 law are at issue, this Court conducts a de novo review of a trial court’s denial of a motion for post-conviction relief, and we will not reverse the factual findings of the trial court unless they are clearly erroneous. Boddie v. State, 875 So.2d 180, 183 (¶ 6) (Miss.2004).
¶ 6. Hill asserts now, as he did in his appeal to the circuit court, that his sentence was illegal because when the entire sentence is added up, the total sentence equals twelve years, which is in excess of the statutory maximum sentence. Hill directs this Court’s attention to Mississippi Code Annotated § 47-7-34(1) (Rev.2004) which provides in part:
When a court imposes a sentence upon a conviction for any felony committed after June 30, 1995, the court, in addition to any other punishment imposed if the other punishment includes a term of incarceration ... may impose a term of post-release supervision. However, the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed.
Hill also points out that Mississippi Code Annotated § 97-17-41 (Rev.2000) provides for a maximum sentence of five years of incarceration for each conviction of grand larceny.[1]
¶ 7. The State maintains that Hill’s argument is flawed because his computation of the sentence is incorrect. The State points out that Hill reaches his twelve year total by adding together both five-year terms of incarceration, and then adding the two years of post-release supervision. The State asserts that the trial court’s oral expression of the sentence, as well as the November 2002 sentencing order itself, clearly reflects that Hill was to serve five years in the custody of MDOC, have five years of the sentence suspended, and complete two years of post-release supervision.
f 8. After a thorough review of the record, we find that the sentence imposed upon Hill was not illegal. Hill was sentenced for two counts of grand larceny and could have received a maximum sentence of ten years in the custody of MDOC. Instead, the trial court suspended five years of the ten year sentence, leaving five years of incarceration to serve, with two years of post-release supervision. After a detailed review of the relevant case law, we conclude that Hill was properly sentenced within the statutory guidelines, and that the circuit court appropriately denied Hill’s motion for post-conviction relief. See McMinn v. State, 867 So.2d 268, 270 (¶¶ 5-6) (Miss.Ct.App.2004); McCline v. State, 856 So.2d 556, 560 (¶¶ 18-20) (Miss. Ct.App.2003).
¶ 9. THE JUDGMENT OF THE LAFAYETTE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.

. We note that the elements of grand larceny were changed by a 2003 amendment to § 97-17-41. The amendment increased the value of the personal property taken from $250 or more to $500 or more, and changed the maximum prison term from five years and/or a $1,000 fine to ten years and/or a fine not to exceed $10,000. Miss.Code Ann. § 97-17-4(1) (Supp.2004).