561 So.2d 1037 (1990)
Robert Russell MITCHELL a/k/a Alfred Barthelotte
v.
STATE of Mississippi.
No. 07-KA-58975.
Supreme Court of Mississippi.
May 16, 1990.
W. Harvey Barton, Pascagoula, for appellant.
Mike C. Moore, Atty. Gen., Wayne M. Snuggs, Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ROBERTSON and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:

I.
Robert Russell Mitchell, a/k/a Alfred Barthelotte, was indicted by the Grand *1038 Jury of Jackson County in October of 1980, for armed robbery with a deadly weapon, committed August 11, 1980, in violation of Miss. Code Ann. § 97-3-79 (1972). Mitchell pled not guilty to the armed robbery on February 13, 1981. Bond was set at $15,000.00.
On December 26, 1986, the circuit court reinstated several indictments on the court's docket against Mitchell[1]. Thereafter, Mitchell pled guilty to the armed robbery charge on March 4, 1987. In accordance with his plea, Mitchell was to serve seven (7) years in the custody of the Mississippi Department of Corrections, to run consecutively with the life sentence he was serving in Canada.
On March 14, 1987, Judge Lockard sentenced Mitchell to "serve seven (7) years in the custody of the Mississippi Department of Corrections, to run consecutively with the life sentence he is now serving in Canada." This was without the provision denying the possibility of parole.
The Canadian authorities advised the District Attorney that they were commuting and discharging the remainder of Mitchell's life sentence and he was not to be returned to Canada.
Mitchell filed a Motion to Amend the Sentence and For Proper Sentencing on April 14, 1987. Judge Lockard held a brief hearing on the motion, April 24, 1987. No ruling was made at that time. On September 3, 1987, Mitchell filed a Motion to Delete Mandatory Portion of Sentence under the postconviction relief statute because his seven year sentence could not have been mandatory.
Miss. Code Ann. § 47-7-3 (1972), denied eligibility for parole, prior to 1982, only when a robbery was committed with the display of a firearm. Mitchell was charged with committing robbery with a knife prior to July 1, 1982. Therefore, the sentence could not be mandatory.
Judge Lockard held another hearing to evaluate Mitchell's mandatory sentence on December 2, 1987. Mr. Harkey, with the District Attorney's Office, stated for the record that everyone involved in the bargaining negotiations operated under the assumption that the statute mandating mandatory time for the commission of armed robbery with a deadly weapon was in full force and effect. The state conceded that Mitchell's sentence was an unconstitutional application of an ex post facto law.
The circuit court set aside the seven (7) year sentence and gave Mitchell the option of withdrawing his plea of guilty and proceed to trial, or the court would impose a new sentence without the mandatory provisions in the court's discretion. Mitchell conferred with his attorney and decided to be resentenced. The circuit court sentenced Mitchell to twenty (20) years with the Mississippi Department of Corrections.
Mitchell appeals as follows:
I. THE TRIAL COURT DID NOT PROPERLY AMEND AND CORRECT THE APPELLANT'S ORIGINAL SENTENCE OF SEVEN (7) YEARS MANDATORY FOR ARMED ROBBERY WITH A KNIFE, COMMITTED BEFORE 1981.

II.
The circuit court, in resentencing Mitchell, held the mandatory provision of the first sentence was illegal. Mitchell's sentence, however, was not an unconstitutional application of an ex post facto law. See, U.S. Const. Art. I, §§ 9, cl. 3, 10, cl. 1. There is nothing in Mitchell's sentencing order that dictates the sentence is "without parole."
The sentencing authority of the circuit court is provided by Miss. Code Ann. § 97-3-79 (1972), which says the penalty upon conviction of armed robbery shall be from three (3) years to a maximum of life imprisonment, but only if the latter is fixed by the jury. The sentencing order controls the actual sentence imposed on Mitchell and merely established that Mitchell serve seven years, making no mention of "mandatory" or "without parole." Mitchell's original sentence with his guilty plea did not exceed the maximum amount under *1039 Miss. Code Ann. § 97-3-79 (1972), and the seven (7) year sentence is lawful.
Accordingly, the circuit court had no authority to resentence Mitchell. Sisson v. State, 483 So.2d 1338 (Miss. 1986); Leonard v. State, 271 So.2d 445 (Miss. 1973). The original seven year sentence stands.
Even if the sentencing order mandated seven years without parole the circuit court erred in its resentencing. The state and the circuit court were under the misconception that the mandatory provision was illegal under the "Probation and Parole Law" chapter of Miss. Code Ann. § 47-7-3(1)(d) (1972), as Amended. Section 47-7-3(d) (1972) initially provided that "every prisoner... may be released on parole," except that one who is convicted of robbery through the display of a firearm shall not be eligible until he serves ten years, or if the sentence is less than ten years then he will not be eligible for parole all together. Subsection (d) was amended to extend its application to any person who shall commit robbery ... through the display of a deadly weapon. See Miss. Code Ann. § 47-7-3(1)(d) (1972), as Amended.
The amended subsection is the authority under which the trial judge supposedly "sentenced" Mitchell, which was enacted after the commission of the crime. But, the sentencing and the parole chapters are separate and distinct. The original sentence in conjunction with the amendment to § 47-7-3 was not an illegal application of an ex post facto law. Sentencing authority is provided for under § 97-3-79 and not § 47-7-3.
The granting of parole or denial of parole, under § 47-7-3 is the exclusive responsibility of the state parole board, which is independent of the circuit court's sentencing authority. Miss. Code Ann. § 47-7-5 (1972), as Amended. Mitchell was not "sentenced" under the parole statute § 47-7-3, which was later amended. Gardner v. State, 514 So.2d 292, 294 (Miss. 1987).
The fact that Mitchell pled guilty to armed robbery in exchange for a seven year sentence with the Mississippi Department of Corrections did not broaden the circuit court's sentencing authority. It is still statutorily limited. Mississippi Code Annotated § 99-15-25(1) (1972), as Amended, provides that "[u]pon the entering of such plea of guilty, the judge shall have the power and authority to impose any lawful and proper sentence upon the defendant in vacation just as though the plea was entered and the sentence imposed during a regular term of the court." And eligibility for parole is solely a matter under the jurisdiction of the state probation and parole board, which must follow the dictates of § 47-7-3. In the case at bar, the applicable parole statute did not restrict Mitchell's parole rights. Therefore, assuming a portion of the sentence mandated "without parole," it lacks any legal effect and is deleted by this Court. Ard v. State, 403 So.2d 875 (Miss. 1981); Hill v. State, 388 So.2d 143 (Miss. 1980).
The circuit court's resentencing of Mitchell is reversed. Mitchell is to serve seven (7) years with the Mississippi Department of Corrections, and his parole rights are not restricted.
REVERSED. MITCHELL'S SEVEN (7) YEAR SENTENCE IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE POSSIBILITY OF PAROLE IS REINSTATED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] Mitchell jumped bond and remained at large until December 26, 1986.