KITCHENS, Justice,
dissenting:
¶ 20. For the reasons stated in my separate opinion in Parker, I disagree with the Court’s remanding the present case to the circuit court for resentencing. Parker v. State, 119 So.3d 987 (¶¶ 31-38) (Miss.2013) (Kitchens, J., concurring in part and dissenting in part, joined by Dickinson, P.J., Chandler and King, JJ.).[6] While capital murder may be punished by a sentence of life without parole, Jones received a life sentence for murder, the only punishment that our courts (ie., the “sentencing authority”) may impose for that crime. See Miss.Code Ann. § 97-3-21 (2012).[7] Yet, our probation and parole statutes automatically foreclose the possibility of parole for those convicted of a violent crime. Miss. Code Ann. § 47-7-3(l)(h) (Rev.2011). Our trial courts can impose only those sentences allowed by statute, whereas authority over parole eligibility is vested in the executive branch, specifically, the State Parole Board. See Miss.Code Ann. §§ 47-7-1 to 47-7-55 (the Parole and Probation Law). Thus, it is the parole statute, Mississippi Code Section 47-7-3(l)(h) (Rev. 2011), that violates Miller’s declaration that “mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment’s prohibition on ‘cruel and unusual punishment’.” Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012); U.S. Const, amend. VIII. Accordingly, I would adopt the approach taken by the Wyoming Supreme Court when addressing their statutes and hold Section 47 — 7—3(l)(h) unconstitutional as applied to juveniles convicted of murder, in light of Miller. See Bear Cloud v. Wyoming, 294 P.3d 36 (Wyo.2013) (construed in Parker,). Therefore, rather than remanding the case for resentencing, I would grant Jones’s petition for post-conviction relief as it relates to his sentence, and I would declare that, for juvenile offenders convicted of murder, the parole authorities shall apply only the general parole provision of Section 47-7-3(l).[8]
*705 ¶ 21. I agree that Jones’s life sentence for murder is tantamount to a sentence of life without parole. But, under Section 97-3-21, life without parole is a sentencing option for capital murder, but not for murder. Indeed, the State recently argued that the imposition of a sentence of life without parole for murder was legally permissible because Section 47-7-3(l)(h) foreclosed eligibility for parole. Fernando Martinez Parker v. State, 30 So.3d 1222, 1227-28 (Miss.2010). In rejecting that argument, we held that Section 47-7-3 “does not affect a judge’s sentencing prerogative under the criminal statutes.” Id. at 1228. Because a sentence of life without parole “exceeded the statutory maximum,” we vacated the sentence and remanded “for re-sentencing within the statutory guidelines.” Id. at 1228, 1235.[9]
¶ 22. The Court’s having explicitly rejected the notion that, in Mississippi, a sentencing court has the authority to determine parole eligibility for those convicted of murder, mandatory life without parole is a product of Mississippi’s parole and probation statutes, specifically Section 47 — 7—3(l)(h). When recently interpreting Miller under a similar statutory scheme, the Wyoming Supreme Court held that the least intrusive approach would be to leave the sentencing statute undisturbed and hold the statutes which barred parole for offenders serving life sentences “unconstitutional as applied to juvenile offenders.” Bear Cloud, 294 P.3d 36. This solution is simple, preserves judicial resources, respects the legislative authority to prescribe the bounds of sentences, and does not encroach on the executive branch’s statutory authority over parole matters.
¶ 23. Although the Parker majority reasoned that its was “charting] the same course” as Bear Cloud, 294 P.3d 36, it clearly did not. Parker, 119 So.3d at 1000. Unlike Parker, (and Brett Jones), the Bear Cloud case, 294 P.3d 36, involved a juvenile convicted of “murder in the first degree,” i.e., the equivalent of capital murder in Mississippi.[10] The Wyoming Supreme Court explained that, under the “clear and unambiguous” language of the sentencing statute, the permissible sentences for first-degree murder in Wyoming are “life imprisonment without parole or life imprisonment according to law.” Id. at 44 (citing Wyo. Stat. Ann. § 6-2-101(b) (2009)).[11] Although the defendant was sentenced to “life imprisonment according to law,” two other statutes prohibited Wyoming’s parole board from granting him parole. The Bear Cloud opinion held that the least *706 intrusive approach under Miller was to leave the sentencing statute undisturbed and hold the statutes which barred parole for offenders serving life sentences “unconstitutional as applied to juvenile offenders.” Bear Cloud, 294 P.3d at 45-46. The Wyoming Supreme Court explained that:
We find this statutory interpretation most appropriate for two reasons. First, it minimizes our intrusion into any legislative function while allowing trial courts to impose the existing possible statutory sentences for first-degree murder in a constitutionally permissible way. Second, it separates “life imprisonment without parole” from “life imprisonment according to law,” making them truly discrete, individual punishments when applied to juveniles.
Id. at 46.
¶ 24. In contrast, the majority rejects this view and holds that juveniles convicted of murder should be resentenced, following a circuit court hearing, to either life or “life imprisonment notwithstanding the provisions of Mississippi Code Section 47-7 — 3(l)(h), as it presently provides.” Despite its insistence to the contrary, the majority holds that a juvenile convicted of murder may now be sentenced to life or life without parole.[12] This decision ignores the clear distinctions between capital murder and murder. By explicitly providing harsher sentencing options for capital murder (one of which is death if the offender is an adult), it cannot be doubted that the Mississippi legislature views capital murder as a more heinous crime than murder. Thus, rather than our disturbing “the existing possible statutory sentence” for murder under Mississippi Code Section 97-3-21, finding the parole statute unconstitutional as applied to juveniles convicted of murder “minimizes our intrusion into any legislative function,” while preserving distinct sentences for murder and capital murder. Bear Cloud, 294 P.3d at 46. Under this approach, subsection (l)(h) is inapplicable, and the juvenile would be subject to the general provisions, i.e., subsection (1) only, of the parole statute, which permits release on parole after the serving of ten years of a life sentence. Miss.Code Ann. § 47-7-3(1).
¶ 25. Notably, this approach was advocated by the State in Parker, 119 So.3d at 996. The Parker majority rejected this view. Id. The majority decision in the present case renders the same result, finding that Miller requires our trial courts “to hold an individualized sentencing hearing” which may result in a sentence of life with eligibility for parole or life without parole. Maj. Op. ¶ 6.
¶ 26. Yet, the main holding of Miller is that “mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment’s prohibition on ‘cruel and unusual punishment’.” Miller, 132 S.Ct. at 2460; U.S. Const, amend. VIII. This requires our Court to apply Miller to Mississippi’s relevant statutes in light of our own precedent. A sentencing hearing might be warranted if life without parole were a permissible sentence; but, based on our case law and the interplay between Mississippi’s sentencing statute and its parole statute, it is clear that Miller requires this Court to find Section 47 — 7—3(l)(h) unconstitutional as applied to juveniles convicted of murder. The majority, however, abrogates both the parole statute and the applicable sentencing statute. Miss.Code Ann. § 97-3-21; Miss.Code Ann. § 47-7-3(l)(h).
*707 ¶ 27. Finally, I find the majority’s holding to be a purely procedural pronouncement that fails to provide any meaningful solution. If, on remand, the trial court imposes “life imprisonment notwithstanding the provisions of Mississippi Code Section 47-7-3(l)(h),” the revised sentence will have no effect.
¶ 28. Our circuit courts (ie., the “sentencing authority”) have no authority to impose anything other than a life sentence upon a conviction of murder. Miss.Code Ann. § 97-3-21 (Rev.2006). Yet, the majority adds an additional sentencing option of life without parole. This holding is in clear conflict with the legislature’s clear and unambiguous declaration that the Parole Board “shall have exclusive responsibility for the granting of parole as provided by Sectionf ] 47-7-3.... ” Miss.Code Ann. § 47-7-5(3) (Rev.2011) (emphasis added). Because the executive branch, not the judiciary, has jurisdiction over parole matters, any language regarding parole in a sentencing order for murder constitutes “surplusage and in no way binds the parole board.... ” Brown v. State, 731 So.2d 595, 599 (Miss.1999). Therefore, to give any effect to Miller’s prohibition on mandatory sentences of life without parole for juveniles convicted of homicide offenses, this Court should declare Mississippi Code Section 47 — 7—3(l)(h) unconstitutional as applied to juveniles and leave the sentencing statute undisturbed. Accordingly, I dissent and would grant and render post-conviction relief to Jones regarding his Miller claim.
CHANDLER AND KING, JJ., JOIN THIS OPINION.

. On July 8, 2013, Parker filed a motion for rehearing now pending before the Court. Mot. for Reh’g, Parker, 2011-KA-01158-SCT (Mot. No. 2013-2030).

. The sentencing statute in effect at the time provided:
Every person who shall be convicted of murder shall be sentenced by the court to imprisonment for life in the State Penitentiary.
Every person who shall be convicted of capital murder shall be sentenced (a) to death; (b) to imprisonment for life in the State Penitentiary without parole; or (c) to imprisonment for life in the State Penitentiary with eligibility for parole as provided in Section 47 — 7—3(1 )(f).
Miss.Code Ann. § 97-3-21 (Rev.2006). As noted by the majority, this statute has been amended, and, effective July 1, 2013, there will be three types of murder under Mississippi law: first-degree murder, second-degree murder, and capital murder. 2013 Miss. Laws WL No. 269 (S.B.2377). Under these 2013 revisions, Jones’s crime would be designated as "first-degree murder.” The only sentence for "first-degree murder” — imprisonment for life — will be the same as the sentence currently provided for murder. The corresponding parole statute was not amended. Miss.Code Ann. § 47-7-3 (Rev.2011).

.Section 47-7-3(1) provides:
Every prisoner who has been convicted of any offense against the State of Mississippi, and is confined in the execution of a judgment of such conviction in the Mississippi Department of Corrections for a definite term or terms of one (1) year or over, or for the term of his or her natural life, whose record of conduct shows that such prisoner has observed the rules of the department, and who has served not less than one-fourth (1/4) of the total of such term or terms for which such prisoner was sentenced, or, if sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, may be released on parole as hereinafter provided.... *705 Miss.Code Ann. § 47-7-3(1) (Rev.2011) (emphasis added).

. Likewise, in Brown v. State, 731 So.2d 595 (Miss.1999), this Court rejected the defendant’s argument that his sentencing order amounted to a mandatory minimum sentence without parole. The Court explained that ”[e]xclusive power over the granting and revoking of parole is vested in this State’s parole board.” Id. at 598 (citing Miss.Code Ann. § 47-7-5 (Supp.1998)). The opinion noted that, while "certain statutes specify that a trial court may or must impose a sentence 'without the possibility of parole’ ... this sentencing authority is separate and distinct from the parole board’s authority to grant or revoke parole.” Id. (citing Miss.Code Ann. § 97-3-21 (1994) (capital murder conviction permitting sentence of life without parole); Mitchell v. State, 561 So.2d 1037, 1039 (Miss.1990)). Citing Mitchell, 561 So.2d at 1039, the Court reiterated that “where the trial court has no statutory authority to limit parole, language purporting to do so is without legal effect.” Brown, 731 So.2d at 599.

. The defendants in Miller, - U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407, also were convicted of capital murder.

. For adult offenders, the death penalty is a third option, but the statute specifically prohibits a death sentence “for any murder committed before the defendant attained the age of eighteen (18) years.'' Id.

. Otherwise, there is no distinction between a sentence of life and "life imprisonment notwithstanding the provisions of Mississippi Code Section 47-7-3(l)(h), as it presently provides.”